IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICHAEL VANKAVELAAR,    )
             )
   Plaintiff,     )
             )
   v.       ) C.A. No. 25-843-JLH-LDH
             )
ROBERT MAY et al,    )     FILED
             )
   Defendants.   )
             )   JUL 28 2026

U.S. DISTRICT COURT DISTRICT OF DELAWARE

ORDER AND REPORT AND RECOMMENDATION

Plaintiff Michael Vankavelaar, an inmate at Howard R. Young Correctional Institution ("HRYCI"), filed this action pursuant to 42 U.S.C. § 1983. (D.I. 1, 11). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8). The Complaint and Amended Complaint were screened by Judge Hall, who dismissed them for failure to state a claim, but with leave to amend. (D.I. 10, 16). The Court proceeds to review and screen the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(a).

For the reasons set forth below, the Court recommends the Second Amended Complaint be dismissed without prejudice. Plaintiff's motion for appointment of counsel (D.I. 17) is denied without prejudice to renew at a later time.

I. **BACKGROUND**

According to the Second Amended Complaint, in March 2025, Plaintiff fell inside a designated accessible shower at HRYCI. (D.I. 18 at 9; *see also* D.I. 11 at 6). The shower contained a shower chair and a railing. (*Id.*). Plaintiff was holding onto the railing while trying to transfer himself to the shower chair, the chair slipped, and he fell to the floor. (*Id.*) Plaintiff fractured his

1

hip, requiring hip replacement surgery. (D.I. 18 at 10–11; D.I. 11 at 6–7). Upon returning to HRYCI in July 2025, Plaintiff found "that there were no changes or modifications to the shower area." (D.I. 18 at 11; D.I. 11 at 7.) Plaintiff seeks unspecified relief under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights. (D.I. 11 at 2, 5, 8; *see also* D.I. 1 at 3 (original complaint seeking monetary damages).)

## II.    LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must

2

contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.    DISCUSSION

The Second Amended Complaint does not contain a prayer for relief that explains what relief Plaintiff seeks from the Court. Federal Rules of Civil Procedure 8(a)(2) and (3) require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "a demand for the relief," Fed. R. Civ. P. 8(a)(3). *See e.g., Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007); *see also Klein v. Pike Cnty. Comm'rs*, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011) (failure to articulate a prayer for relief compels dismissal). Plaintiff's failure to specify relief of any sort of relief weighs in favor of dismissal for noncompliance with Rule 8. *See Liggon-Redding v. Souser*, 352 F. App'x 618, 619

(3d Cir. 2009) (affirming dismissal without prejudice where complaint failed to identify relief sought).

Because the Second Amended Complaint does not contain a prayer for relief, I recommend that the court dismiss the Second Amended Complaint without prejudice and grant Plaintiff leave to amend to correct this pleading deficiency.

Plaintiff's motion for appointment of counsel (D.I. 17) is denied without prejudice to renew at a later time,[1] as Plaintiff has demonstrated a sufficient ability to present his claims during the early stages.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that the Complaint (D.I. 18) be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b), and that Plaintiff be given thirty (30) days from the date the District Court adopts this Report and Recommendation to file an amended pleading. Plaintiff's motion for counsel is DENIED without prejudice to renew at a later date.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), (C), Federal Rule of Civil Procedure 72(b)(1), and D. Del. LR 72.1. The parties may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d).

---

[1] A *pro se* plaintiff in a civil action has no constitutional or statutory right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The Court can determine, in its discretion, whether the appointment of counsel is warranted based on the factors presented in that particular case, including: (1) the plaintiff's ability to present the case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require expert testimony. *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, and no single factor is determinative. *Id.* at 157.

Any objections to the Report and Recommendation shall be limited to ten (10) pages. Any response shall be filed within fourteen (14) days thereafter and limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006–08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, C.A. No. 24-2052, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

Dated: July 28, 2026

_____
United States Magistrate Judge